RAFAEL NADAL ARCELAY, recurrente y apelado, *v.* DEPARTAMENTO DE ESTADO DE PUERTO RICO y OTRO, recurridos y apelantes.

Número: AC-97-34          Resuelto: 12 de junio de 1998

*Carlos Lugo Fiol, Procurador General,* y *Wanda I. Simons García, Procuradora General Auxiliar,* abogados de la parte apelante.

## SENTENCIA

El 13 de marzo de 1996 el Lcdo. Rafael Nadal Arcelay —socio del bufete Cancio Nadal, Rivera & Díaz— solicitó al Departamento de Estado una credencial de prensa. Éste acompañó su solicitud con una certificación del Sr. Adalberto Morales, Director de Producción del Canal 40 de televisión, en la cual exponía que se desempeñaba como reportero y analista de noticias en el programa *Análisis Noticioso.* Aunque en el formulario provisto por el Departamento de Estado consignó que se dedicaba día a día a la búsqueda de información y que el periodismo era su principal medio de vida, luego admitió a la Sra. Joanisabel González, representante de información de la Oficina de Comunicaciones del Departamento de Estado, que su me-

dio principal de vida era el ejercicio de la profesión de abogado.

Con vista a esa aclaración, al otro día se le denegó la credencial de prensa y, con ello, el beneficio de una tablilla especial. Se fundamentó en que el licenciado Nadal Arcelay no se dedicaba diariamente a la búsqueda de información ni el periodismo constituía su medio principal de vida, según lo exigido por la Sec. 2-408(e) de la Ley de Vehículos y Tránsito de Puerto Rico, 9 L.P.R.A. sec. 488(e), y por el Reglamento para Regir la Expedición, Renovación, Cancelación, Uso y Responsabilidades de las Certificaciones de Prensa Núm. 5285, Departamento de Estado, 3 de agosto de 1995. Previo el trámite de reconsideración, el licenciado Nadal Arcelay acudió en revisión al Tribunal de Primera Instancia, Sala Superior de San Juan.[1]

El 30 de junio de 1997 dicho foro apelativo (Hons. Rivera de Martínez, Cabán Castro y Rivera Pérez, Jueces) revocó la determinación del Departamento de Estado y ordenó la celebración de una vista. Aunque no declaró inconstitucional el requisito reglamentario, lo intimó al fundamentar su decisión en el caso *Disidente Univ. de P.R. v. Depto. de Estado*, Caso Núm. KLAA9600034, el cual invalidó dicho requisito. Inconforme, el Depto. de Estado apeló.[2]

---

[1] Posteriormente, el recurso fue trasladado al Tribunal de Circuito de Apelaciones.

[2] Plantea:

"1. Erró el Tribunal Apelado al sostener la inconstitucionalidad de aquella parte de los artículos IIA, IIIB y IVB del *Reglamento Para Regir la Expedición, Renovación, Cancelación, Uso y Responsabilidades de las Certificaciones de Prensa* ... que para otorgar una credencial de prensa requieren que el solicitante ejerza el periodismo como medio principal de vida.

"2. Erró el Tribunal Apelado al concluir que en virtud de lo dispuesto por la Ley de Procedimiento Administrativo Uniforme, ... en el caso de autos el Departamento de Estado está obligado a celebrar una vista adjudicativa." Apelación, págs. 6–7.

# I

Procede revocar. En *Disidente Univ. de P.R. v. Depto. de Estado*, 145 D.P.R. 689 (1998), validamos el requisito de la *Ley de Vehículos y Tránsito de Puerto Rico* y del *reglamento* antes aludido, de que la expedición de una credencial de prensa y con ello, su *único beneficio*, la tablilla especial de prensa, conlleva que el solicitante sea un miembro de la prensa activa, que se dedique diariamente a la búsqueda de información y que el periodismo constituya su medio principal de vida.

Es obvio que el licenciado Nadal Arcelay no reúne los requisitos. Admitió que el periodismo no constituye su medio principal de vida y sí su profesión de abogado. Ante tales circunstancias, el Departamento de Estado actuó conforme a derecho al negarse a expedirle la credencial. Ello torna innecesaria la vista ordenada por el foro apelativo.

*Se dicta sentencia revocatoria.*

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Hernández Denton emitió una opinión disidente, a la cual se unió la Juez Asociada Señora Naveira de Rodón. El Juez Asociado Señor Corrada Del Río se inhibió.

(*Fdo.*) Isabel Llompart Zeno
*Secretaria del Tribunal Supremo*

— O —

Opinión disidente emitida por el Juez Asociado Señor Hernández Denton, a la cual se une la Juez Asociada Señora Naveira de Rodón.

Este Honorable Tribunal resuelve mediante sentencia, e invocando lo resuelto en *Disidente Univ. de P.R. v. Depto. de Estado*, 145 D.P.R. 689 (1998), que por no cumplir el licenciado Nadal Arcelay con el requisito de dedicarse al

periodismo como medio principal de vida, fue correcta la actuación del Departamento de Estado al negarle una credencial de prensa.

El licenciado Nadal Arcelay alega que la falta de la credencial de prensa le impide cumplir a cabalidad con sus responsabilidades como periodista de una de las estaciones de televisión del país. Al no poseer la credencial, se le deniegan los privilegios de prensa cuando solicita información o al pretender asistir a una función. Alega, además, que el efecto de poseer la credencial de prensa es facilitar la labor de los periodistas, al lograr así un acceso rápido y efectivo a la información o a la cobertura de eventos. Recalca que ha sufrido el entorpecimiento de sus labores periodísticas.

En virtud de nuestros pronunciamientos en nuestra opinión disidente en *Disidente Univ. de P.R. v. Depto. de Estado*, supra, disentimos.